## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KEITH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1526 |
| | ) | |
| vs. | ) | Judge St. Eve |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | |
| CHICAGO POLICE OFFICER V.R. | ) | Magistrate Judge Schenkier |
| STINAR, Star No. 4017, CHICAGO | ) | |
| POLICE OFFICER L. PIERRI, Star No. | ) | Jury Demand |
| 10956, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant, City of Chicago ("City"), by it's attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, answers Plaintiff's Complaint and states:

1.       This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' [*sic*] rights as secured by the United States Constitution.

**ANSWER:**    The City admits that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983 and the laws of Illinois, but denies that the United States Constitution provides Plaintiff with a direct cause of action and denies that the City has violated any law or statute.

2.       This Court has jurisdiction over Plaintiffs' [*sic*] federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367

**ANSWER:**    This Court has jurisdiction over Plaintiff's federal claims  pursuant to 28 U.S.C. §§ 1331, and 1343. This Court has jurisdiction over Plaintiff's state claims pursuant to U.S.C. § 1367.

3.       Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred

within this district.

**ANSWER:**    Upon information and belief, based on City of Chicago Police Department (CPD) documents, the City admits that venue is proper under 28 U.S.C. § 1391(b) as all the claims asserted in this complaint occurred within this district. The City lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph.

## PARTIES

4.    At all times relevant hereto, Plaintiff Keith Johnson was a 48 year-old male resident of Chicago, Illinois.

**ANSWER:**    Upon information and belief, based on CPD documents, the City admits that the Plaintiff is 48 years old and is a resident of Chicago, IL.

5.    At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:**    The City admits that at all times herein mentioned Vince Stinar and Lenny Pierri were officers employed by the City. The City admits that Plaintiff purports to sue these defendants in their individual capacities. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    The City admits that it is a municipal corporation, duly organized under the laws of the State of Illinois. The City further admits that it is an employer of Defendant Officers Stinar and Pierri. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

## FACTUAL ALLEGATIONS

7.      On or about March 17, 2007, Plaintiff was walking near 5900 W. North Ave., Chicago, Illinois.

**ANSWER:**     Upon information and belief, according to Chicago Police Department documents, the City admits that Plaintiff was located on or around the 5900 block of West North Avenue in the City of Chicago and State of Illinois at the time of his arrest. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

8.      At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**     The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

9.      At this time, Defendant Officers unconstitutionally arrested and detained Plaintiff and proceeded to unreasonably search his person and handcuff him.

**ANSWER:**     Upon information and belief, based on CPD documents, the City admits that Plaintiff was arrested and detained, but denies that the City has violated any law, statute, or ordinance. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

10.      At this time, and all times relevant hereto, Defendant Officers did not have a search or an arrest warrant for Plaintiff and did not have probable cause to believe that Plaintiff had committed a crime.

**ANSWER:**     The City lacks sufficient knowledge or information to form a belief as to the truth of the allegation in this paragraph.

11.   Following the unconstitutional search and seizure, Plaintiff was arrested and taken to the 25th District Chicago Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C.

**ANSWER:**   Upon information and belief, based on Chicago Police Department documents, the City admits that Plaintiff was arrested and transported to the Chicago Police Department District 25 station where he was charged with Possession of a Controlled Substance in violation of 720 ILCS 570/402-C. The City denies that it violated any law, statute, or ordinance. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

12.   Plaintiff remained in custody for approximately one week for this false charge before being released on bond.

**ANSWER:**   Upon information and belief, based on CPD documents, the City admits that Plaintiff was arrested on March 17, 2007, and was in the custody of the CPD from the time of his arrest until approximately 8:10 a.m. on March 18, 2007.

13.   On April 3, 2007, this false charge was dismissed against Plaintiff following a finding of no probable cause by a Cook County Judge.

**ANSWER:**   Upon information and belief, based on CPD documents, the City admits that on April 3, 2007, the Honorable Judge Donald Havis of the Circuit Court of Cook County, Illinois, found that there was no probable cause and dismissed the charge of possession of a controlled substance that was filed against the Plaintiff. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, but denies that the City has violated any law, statute, or ordinanace.

### Count 1 – 42 U.S.C. § 1983 False Arrest

14.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates paragraphs 1 thorough 13 as if fully repleaded herein.

15.    On March 17, 2007, Plaintiff was seized and arrested without a warrant and without probable cause.  This seizure and arrest were in violation of Plaintiffs rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Upon  information and belief, based on City of Chicago Police documents, the City admits that the Plaintiff was arrested on March 17, 2007, but denies the remaining allegations as they pertain to the City.

16.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    Upon  information and belief, based on CPD documents, the City admits that the Plaintiff was arrested on March 17, 2007. The City lacks sufficient knowledge or  information to form a belief as to the truth of the remaining allegations in this paragraph.

17.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the

Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.   As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.   The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.   As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.   As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.   The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.  The City denies the remaining allegations in paragraph 17, including all of its subparts.

-6-

18.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff s constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### Count II – 42 U.S.C. § 1983 Unlawful Search

19.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates its answers in paragraphs 1 through 13 as if fully repleaded herein.

20.    Defendant Officers searched Plaintiffs person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21.    The misconduct described in this count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner

similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    The City  lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.  The City denies the remaining allegations in paragraph 21, including all of its subparts.

22.    The aforementioned actions of Defendant Officer #1 proximately caused Plaintiff Owens to be deprived of his 4th Amendment right to be free from unlawful searches to which probable cause did not exist.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

-8-

## Count III – False Imprisonment

23.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1 through 13 as if fully repleaded herein.

24.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    The City admits that this court has supplemental jurisdiction over Plaintiff's state claims under title 28,United States Code § 1367. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

25.     On March 17, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26.     Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27.     The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## Count IV—Malicious Prosecution

28.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

29.     Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing.  This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

30.     Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

31.     Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

32.     On April 3, 2007, Plaintiffs [*sic*] case was dismissed.

**ANSWER:**     Upon  information and belief, based on CPD documents, the City admits that

on April 3, 2007, the charge of possession of a controlled substance that was filed against the

Plaintiff was dismissed.

33.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

<h3 style="text-align:center">Count V– Intentional Infliction of Emotional Distress</h3>

34.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1 through 13 as if fully

repleaded herein.

35.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:**    The City admits that this court has supplemental jurisdiction over Plaintiff's

state claims under title 28,United States Code § 1367.

36.    Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiffs [*sic*] innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

37.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

38.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

## Count VI—State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

39.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1 through 13 as if fully repleaded herein.

40.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**    The City states that the allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is deemed denied.

41.     At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment.  Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**    The City admits that Defendant Officers Stinar  and Pierris were employed by the City as police officers at all times relevant to the Complaint.  The City further admits that, on information and belief, that at all times relevant to the Complaint, Defendant Officers Stinar and Pierri were acting within the scope of their employment.   The City states that the remaining allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and, therefore, this allegation is denied. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.    Defendant City is not liable to Plaintiff if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109 (1994).

2.    To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (1994).

3.    Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

4.    As to Plaintiff's state law claims, the City is not liable to pay attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and they ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill2d. 154, 166 (1979) (citations omitted).

5.    To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

6.    Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

<u>**JURY DEMAND**</u>

The Defendant, City of Chicago, requests trial by jury.


**DATED:  MAY 27, 2008**                    Respectfully submitted

                                            MARA S. GEORGES,

                                            Corporation Counsel
                                            City of Chicago


                                   By:      _____
                                            LE'ORA TYREE
                                            Assistant Corporation Counsel

30 North LaSalle Street
Room 1020
Chicago, Illinois  60602

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KEITH JOHNSON,           )
                                   )   Case No. 08 C 1526
            Plaintiff,      )
                                   )   Judge St. Eve
            vs.            )
                                   )   Magistrate Judge Schenkier
CITY OF CHICAGO, ILLINOIS, et al.,  )
                                 )   Jury Demand
           Defendants.     )

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:    Jeffrey B. Granich
         Katie Z. Ehrmin
         Law Offices of Jeffrey B. Granich
         53 West Jackson Boulevard, Suite 840
         Chicago, Illinois  60604

     **PLEASE TAKE NOTICE** that on this   27th   day of May 2008 I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

     I hereby certify that I have served this notice and the attached document  by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this   27th   day of May 2008.

                    Respectfully submitted,

                    MARA S. GEORGES
                    Corporation Counsel
                    for the City of Chicago

            By:      /s/ Le'Ora Tyree
                    LE'ORA TYREE
                    Assistant Corporation Counsel

30 North LaSalle Street
Room 1020
Chicago, Illinois  60602