IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1526 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

### RELEASE AND SETTLEMENT AGREEMENT

Plaintiff, Keith Johnson, by one of his attorneys, Jeffrey B. Granich, defendant, City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and defendants Vincent Stinar and Lenny Pierri, by one of their attorneys, Marc J. Boxerman, herein stipulate and agree to the following:

1. This action has been brought by plaintiff, Keith Johnson, against defendants, City of Chicago, Vincent Stinar and Lenny Pierri, and makes certain allegations contained in plaintiff's complaint.

2. Defendants deny each and every allegation of wrongdoing as stated in plaintiff's complaint, and, further, deny liability.

3. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any defendant and/or the City of Chicago=s future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or the City of Chicago=s future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid

the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff and his attorneys agree that they or any firm with which said attorneys are affiliated or with which said attorneys may later become affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff, Keith Johnson, agrees to dismiss with prejudice all of his claims against defendants, City of Chicago, Vincent Stinar and Lenny Pierri, with each side bearing its own costs and attorneys' fees.

5. Plaintiff, Keith Johnson, accepts a settlement from defendant, City of Chicago, in the total amount of TEN THOUSAND AND NO/100 DOLLARS ($10,000.00), with each side bearing its own costs and attorneys= fees.

6. The City agrees to pay plaintiff the total settlement amount as specified in paragraph 5 herein within sixty (60) days of receipt by the Corporation Counsel's Office of all Confidential Matter tendered to plaintiff and/or his counsel by defendants under any and all protective orders entered in this matter, a court-entered order dismissing this case with prejudice, a court-entered stipulation of dismissal, a fully executed settlement agreement, and any other court-entered order necessary for the disposition of funds, whichever is received later. This sum shall be payable solely by the City of Chicago, and plaintiff and/or his attorneys agree that they will not seek payment from any source other than the City of Chicago. The settlement check will

be made payable to plaintiff, his attorneys, and lien claimants, if any, of which the City has notice.

7. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff agrees to indemnify and hold harmless the City of Chicago, and its future, current, or former officers, agents and employees including, but not limited to, the individual defendants, Vincent Stinar and Lenny Pierri, from any claims, losses, damages or expenses, including attorneys= fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

8. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, plaintiff does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he had or has against the individual defendants, Vincent Stinar and Lenny Pierri, and the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims he had, has, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

9. This Release and Settlement Agreement and any documents that may be executed under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto,

jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

10. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

11. In entering into this Release and Settlement Agreement, plaintiff represents that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorneys, and that those terms are fully understood and voluntarily accepted by plaintiffs. Plaintiffs also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

12.   All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

*[signature]*
Keith Johnson, plaintiff
Address: 1829 N. MASON
CHICAGO IL. 60639
Date of birth: 03/03/1959
*SSN: 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

*[signature]*
Jeffrey B. Granich
Attorney for plaintiff,
Keith Johnson
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd., Suite 840
Chicago, Illinois 60604
(312) 939-9009
Attorney No. 6207030
DATE: 7/23/08

*Providing SSN is voluntary

City of Chicago
a Municipal Corporation

Mara S. Georges
Corporation Counsel
Attorney for City of Chicago

BY: *[signature]*
Thomas Aumann
Assistant Corporation Counsel
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-1566
Attorney No. 06282455
DATE: 7/31/08

*[signature]*
Marc J. Boxerman
Senior Counsel
Attorney for defendants,
Vincent Stinar and Lenny Pierri
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-7684
Attorney No. 06215790
DATE: 7/31/08